[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff A M Towing Recovery, Inc. appeals the decision of the defendant Zoning Board of Appeals of the Town of East Hartford, which affirmed three cease and desist orders issued to the plaintiff by the town's zoning enforcement officer (ZEO). The board acted pursuant to General Statutes § 8-7. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the defendant board.
The plaintiff is the owner of the property which is the subject of the cease and desist orders and the orders were directed to the plaintiff. The plaintiff is, accordingly, aggrieved by the board's decision.
Most of the facts essential to the court's decision are not in dispute. The court held an evidentiary hearing concerning some of the issues raised in this appeal, and its findings will be set forth at appropriate points in this decision.
On September 28, 1995, the defendant board denied the plaintiff's request for variances of zoning ordinances regulating off street parking and the use of unpaved areas for parking motor vehicles. The plaintiff did not appeal those decisions to this court, and they are, therefore, binding on the plaintiff.
On October 18, 1995, following an inspection of the premises, the zoning enforcement officer issued a cease and desist order demanding the discontinuance of irregular parking of vehicles and the use of the premises for a "junkyard," the latter order based on the presence of more than two unregistered motor vehicles. There is no dispute that town ordinances and regulations prohibited the conditions that the ZEO found to be present.
The plaintiff and his attorney attempted to resolve the town's complaints, but the ZEO continued to find violations of the same ordinances. On April 11, 1996, the Acting ZEO issued another cease and desist order, subsequently confirmed by the permanent ZEO a week later. This order also related to illegal parking of vehicles.
On July 30, 1996, after discovering that the plaintiff had dumped a large load of paving materials on his property without CT Page 8965 first securing a permit, the ZEO issued a third order, citing violations of sections 16-17 and 261.1 of the ordinances, which prohibit such dumping.
After a series of missteps and miscues by both the plaintiff and the board, the plaintiff ultimately perfected appeals of the three cease and desist orders to the board pursuant to General Statutes § 8-7. After more false starts, the board eventually conducted a hearing on the substance of the plaintiff's appeals on January 23, 1997. The plaintiff has cited some of the procedural glitches as grounds for its appeal to this court, and the court will address them as appropriate.
Following the close of the hearing, the board discussed the plaintiff's appeals and then voted to affirm the cease and desist orders, basing its decision essentially on the finding that the plaintiff had admittedly not complied with the literal requirements of the zoning regulations and ordinances. It is that decision of the board which is the subject of this appeal.
In support of its appeal, the plaintiff advances a barrage of arguments as set forth below.
 Inadequate Record
The plaintiff claims that the transcription of the board hearing on January 23, 1997 fails to identify the speakers on numerous occasions and contains many omissions and "inaudibles." The plaintiff claims it is prejudiced because, as a result of these defects, the record fails adequately to reveal the bias against the plaintiff, exhibited during the hearing, by two board members, Michael Morelli and Robert Burns, the chairman.
The court has reviewed the entire transcript in question. While it is true that the transcript is full of unattributed statements and indications of statements that are designated as inaudible, the court concludes that the plaintiff is not prejudiced thereby. In most cases where the speaker is not identified, his or her identity is not of crucial importance or it can be gleaned from the context. Certainly, the substance of the hearing is clear throughout.
With respect to the question of alleged bias on the part of Morelli and Burns, this court held an evidentiary hearing at which both board members were questioned and cross examined. The CT Page 8966 court is able to resolve issues of their alleged bias de novo, therefore, without resorting to the transcript of the earlier hearing. Even so, at the court hearing, plaintiff's counsel pointed to relevant portions of the transcript to support his position, and the court did, of course, give that evidence full consideration. The court concludes that the plaintiff was not prejudiced in raising the issue of bias by the gaps in the transcript of the administrative hearing.
With respect to other issues raised in the plaintiff's brief to this court, the plaintiff has not specified how it is prejudiced by any gaps in the transcript of the hearing, and the court finds that it is not prejudiced thereby.
Although the court finds that the plaintiff in this case has not been prejudiced by the condition of the record the matter should not be passed without noting that the record does indeed indicate a need to improve the transcription procedure at board meetings. In another case, the failure to identify who is speaking and the failure to record statements at the hearing could be of critical significance.
 Bias of Burns and Morelli
Pursuant to General Statutes § 8-8 (k)(1) and (2), the court held an evidentiary hearing on the plaintiff's claims that these two board members were biased against the plaintiff and had prejudged its appeal of the ZEO's orders. Both Burns and Morelli testified, and the court has examined exhibits that were already part of the record.
Michael Morelli, an alternate member of the board, was present at a meeting of the board on December 19, 1996, at which the plaintiff's appeal was scheduled to be heard. Morelli was a police officer in the East Hartford Police Department. The plaintiff was on the department's list of towing companies that the department called when it was necessary to order a vehicle towed in the course of police business. Morelli had never had occasion to use the plaintiff's services in the course of his police duties, but he testified that, in December 1996, he was nevertheless concerned that he might have some conflict of interest if he were to participate in hearing and deciding the plaintiff's appeal. He testified that he did not feel "comfortable." He recused himself from that December 19 meeting, therefore, for that reason. CT Page 8967
The hearing on the plaintiff's appeal did not end at the December 1996 meeting of the board, however. Instead, the board decided to "table" the hearing to a date in January 1997 to allow it to consult with counsel.
Between the December 1996 meeting and the January 23, 1997 meeting, Morelli reconsidered his decision to recuse himself from the plaintiff's appeal. He had had a conversation with Donald Vigneau, the ZEO, who had convinced him that he did not have a conflict sufficient to disqualify him. so, at the January 23, 1997 meeting, when the hearing resumed, Morelli rejoined the proceedings and ultimately voted on the final decision.
Robert Burns, the chairman of the board, testified that he, too, was concerned that he might have shown bias or acted so as to prejudice the plaintiff's interests prior to the hearing on the appeal. In particular, he had concluded that he had wrongfully instructed the plaintiff that a fee was required to appeal the ZEO's orders to the board and that the plaintiff was supposed to post a sign on the property notifying the public of the appeal. Burns resolved, therefore, to recuse himself from the proceedings until he obtained advice from the town attorney as to the propriety of his participating.
Prior to the November 1996 meeting of the board, however, Burns wrote a memo to the other board members advising them to "keep Attorney Block on the subject (meaning the appeal, presumably) and not allow him his know (n) shotgun approach of discussing any matter." Burns further advised the board members to continue the hearing to a later date in order to allow consultation with the town attorney on the issues related to the fee for appealing and the posting of a sign.
The board did continue the hearing to December 1996, and Burns consulted the town attorney. Based on the attorney's advice, Burns concluded that he was not biased and that he should not recuse himself. He rejoined the proceedings, therefore, in December 1996 and participated actively from then on, including voting on the final decision.
"A presumption of impartiality attends administrative determinations, and the burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification. Rado v. Board of Education,
CT Page 8968216 Conn. 541, 556 (1990) There is a presumption that agency administrators who serve as adjudicators are unbiased. Clisham v. Board ofPolice Commissioners, 223 Conn. 354, 362 (1992). This rule is in line with the more general presumption that public officials are presumed to have done their duty until the contrary appears. Leib v. Board of Examiners for Nursing,177 Conn. 78, 84 (1979). The burden of proof is, of course, on the person making the accusation and it is a heavy burden. The person must demonstrate either actual bias or the existence of circumstances indicating "a probability of such bias too high to be constitutionally tolerable. Rado v. Board ofEducation, 216 Conn. 541, 556 (1990) The test for disqualification has been succinctly stated as being whether "a disinterested observer may conclude that (the administrative hearing officer) has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." (Emphasis added.) Transportation General, Inc. v. InsuranceDepartment, 36 Conn. App. 587, 592-593 (1995).
In the present case, both officials whom the plaintiff accuses of bias and prejudging testified in court and were, of course, subjected to cross examination by the plaintiff. Each of them gave plausible reasons for their initial hesitation to participate in the hearing that were, in essence, based on a desire not to prejudice the plaintiff. Morelli, in particular, showed no actual bias or prejudice and his apprehensions concerning conflict of interest proved to be groundless. Burns, while admitting to some exasperation and annoyance with plaintiff's counsel, denied any actual bias against the plaintiff. The court found these officials to be credible and that they had not prejudged the merits of the plaintiff's appeal to the board. With regard to the merits, the court notes that the factfinding and adjudicatory roles of the board were not complex or difficult in this case. There was virtually no dispute as to the facts, nor was there any real dispute as to the meaning of the applicable regulations. The board members had very little discretion, therefore, and consequently had little or no opportunity to exercise any bias against the plaintiff even if they so desired.
The court concludes that the plaintiff has not sustained its burden of proving bias or prejudice against the plaintiff on the part of Morelli or Burns such that they were required to recuse themselves from participating in the plaintiff's appeal. CT Page 8969
 Orders Void for Vagueness
It is inconceivable that the plaintiff did not know what conduct and activities were prohibited by the ZEO's orders. This claim is without merit.
 Delay in Hearing
The board commenced the hearing in November 1996. Prior to that, the plaintiff, the ZEO and the board had engaged in constant negotiations attempting to resolve the violations found by the ZEO. The negotiations had not been successful and the violations continued unabated. Under these circumstances, the court cannot find that the plaintiff was prejudiced in the least by any delay in obtaining formal review of the orders by the board.
 Appeal "Fees"
The plaintiff never paid any such fees. Therefore, although there is no legal justification for the imposition of such fees, the plaintiff was not prejudiced by the town's action. To the extent that the argument about the fees delayed the plaintiff's appeal, there was no prejudice to the plaintiff. See above.
 Grandfathering
The record reflects that the board fully considered the plaintiff's arguments on this issue and, in the end, disagreed. The basis of the board's position was that there had been a change in the principal use of the property which nullified the nonconforming secondary use. The court declines to reverse this decision, finding ample basis in the record and on the law.
 Other Issues
The court has reviewed the other issues raised by the plaintiff in its brief and concludes that they do not afford a basis for reversing the board's decision.
The appeal is dismissed.
MALONEY, J. CT Page 8970